# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YVETTE STREET, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action No. 13-557(CKK) |

## MEMORANDUM OPINION
(August 26, 2013)

Plaintiff Yvette Street, on behalf of her minor child S.S., filed suit against the District of Columbia, alleging the District failed to provide S.S. with a free appropriate public education in violation of the Individuals with Disabilities Education Improvement Act ("IDEA"),[1] 20 U.S.C. § 1400 *et seq*. Presently before the Court is the Plaintiff's [18] Motion for Leave to File First Amended Complaint. The District opposes the Plaintiff's motion on the grounds the proposed amendments are futile. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court finds that the limited record and briefing provided by the parties in insufficient to allow the Court to conclude whether the Plaintiff's proposed claims under the

---

[1] The IDEA was re-authorized and re-codified pursuant to the Individuals with Disabilities Education Improvement Act in 2004, Pub. L. No. 108–446, 118 Stat. 2647 (2004). The short title of the re-authorized and amended provisions remains the Individuals with Disabilities Education Act. *See* Pub. L. No 108–446, § 101; 118 Stat. at 2647; 20 U.S.C. § 1400 (2006). Accordingly, the Court refers to the amended Act herein as the IDEA.

[2] Pl.'s Mot., ECF No. [18]; Def.'s Opp'n, ECF No. [19]; Pl.'s Reply, ECF No. [20]. The parties are advised to verify all pleadings are accurately filed. In this case, the Plaintiff filed her motion and associated exhibits under the incorrect event. At the instruction of the Clerk's Office, the Plaintiff re-filed her motion, but in doing so attached a copy of the original complaint as her proposed first amended complaint. The Court considers the proposed first amended complaint attached to the Plaintiff's initial filing in disposing of the motion, but the parties are on notice that in the future the Court shall not consider any exhibits or pleadings not properly filed.

Rehabilitation Act are futile, but the Defendant's objection to the Plaintiff's new factual allegations is unpersuasive. Accordingly, the Plaintiff's motion is GRANTED without prejudice to the Defendant's right to raise its objection to the Plaintiff's Rehabilitation Act claims in the context of dispositive motion practice.

## I. BACKGROUND

S.S. is a twelve year-old boy with autism that is eligible for special education services. Compl., ECF No. [1], ¶ 4. S.S. was enrolled at MacFarland Middle School for the 2011-2012 and 2012-2013 school years. *Id.* ¶ 11. The Plaintiff alleges that a number of incidents took place while S.S. attended MacFarland, including an instructional aide improperly using physical restraints on S.S., *id.* at ¶¶ 11-12, and S.S. receiving blows to the head with heavy objects, *id.* at ¶ 15. In September 2012, the Plaintiff alleges that another student with "extreme behavioral problems" pushed S.S., knocking him onto the concrete floor. *Id.* at ¶ 20. S.S. reportedly suffered a back injury, dislocated hand, and injured tooth. *Id.* "S.S. developed school avoidance (an intense fear of attending school) due to the many injuries he has sustained at MacFarland," and since the September 2012 incident has not returned to MacFarland Middle School. *Id.* ¶ 21. The District reportedly has refused to provide home instruction to S.S. *Id.* The Plaintiff contends that S.S. cannot return to a large public school environment because the child "cannot read and cannot distinguish one public school from another." *Id.* at ¶ 22.

On December 21, 2012, the Plaintiff filed an administrative due process complaint against the District seeking a non-public school placement for S.S. for the remainder of the 2012-2013 school year, compensatory education, and other services for S.S. Def.'s Ex. 1 (12/21/12 Admin. Compl.) at 12. A Hearing Officer conducted an administrative hearing over the course of three days in February and March 2013. Compl. ¶ 3. The Hearing Officer determined that the

Plaintiff failed to meet her burden to show that MacFarland Middle School was not an appropriate placement for S.S. during the 2011-2012 and 2012-2013 school years. Def.'s Ex. 2 (3/18/2013 Hearing Officer Determination) at 36. The Hearing Officer thus denied the Plaintiff's request for compensatory education.

The Plaintiff filed suit on April 24, 2013, asserting that the District denied S.S. a free appropriate public education in three ways: by failing "to keep S.S. safe from other students and staff, to the extent that a significantly hostile environment was created," Compl. ¶ 27; by failing to offer S.S. an alternative placement, *id.* at 33; and and by failing to provide S.S. with home instruction, *id.* at ¶ 43. The Plaintiff now seeks to amend her complaint in several major respects. First, the Plaintiff intends to add additional factual allegations regarding S.S.'s disabilities, the incidents that purportedly took place while S.S. attended MacFarland Middle School, and the administrative process that preceded this litigation. *See*, *e.g.*, Proposed First Am. Compl., ECF No. [17-1] at ¶¶ 11-12, 16. Second, the Plaintiff intends to amend the complaint to include five new claims. The Plaintiff seeks to add two additional IDEA claims based on the District's alleged failure to implement S.S.'s individualized education plan and alleged failure to protect S.S. from bullying. *Id.* at ¶ 61-66. Additionally, the Plaintiff intends to assert three causes of action pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, including the creation of a hostile environment, denial of a free appropriate public education, and retaliation for legally protected activities. *Id.* at ¶¶ 69-92. Finally, the Plaintiff seeks to amend the complaint to allege the Hearing Officer violated the Plaintiff's due process rights "by failing to render a proper decision based on an accurate and impartial understanding of the facts, without bias." *Id.* at ¶ 94. The Defendant opposes the Plaintiff's motion on the grounds that the Court lacks subject matter jurisdiction over the Plaintiff's putative Section 504 claims and the

additional factual allegations are unnecessary.

## I. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). "An amendment is futile if the proposed claim would not survive a motion to dismiss." *Commodore-Mensah v. Delta Airlines, Inc.*, 842 F. Supp. 2d 50, 52 (D.D.C. 2012) (citation omitted).

The Defendant argues that the Plaintiff's Section 504 claims would not survive a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). To survive a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1)," the factual

allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F.Supp.2d 163, 170 (D.D.C. 2007) (citations omitted).

## III. DISCUSSION

### A. *Rehabilitation Act Claims*

Initially, the Defendant argues that the Plaintiff's proposed Section 504 claims would not survive a motion to dismiss for lack of subject matter jurisdiction, thus leave to amend the complaint in this respect would be futile and should be denied. Specifically, the Defendant argues the Court lacks subject matter jurisdiction over these claims because the Plaintiff failed to exhaust her administrative remedies. "[A]bsent a showing that exhaustion would be futile or inadequate, a party must pursue all administrative avenues of redress under the [IDEA] before seeking judicial review under the Act." *Cox v. Jenkins*, 878 F.2d 414, 419 (D.C. Cir. 1989); *see* 20 U.S.C. § 1415(f), (g) (setting forth requirements for impartial due process hearings and appeals). This exhaustion requirement applies equally to claims concerning the rights of children with disabilities brought pursuant to the provisions of the Rehabilitation Act. 20 U.S.C. § 1415(l).

The Plaintiff admits that she did not actually exhaust her administrative remedies with respect to her proposed Section 504 claims. Nor does the Plaintiff argue that exhausting her administrative remedies would have been a futile pursuit. Rather, the Plaintiff suggests that because the District did not comply with its internal guidelines regarding the timing of administrative hearings, the Court should find the Plaintiff *constructively* exhausted her administrative remedies. However, because this argument was not raised until the Plaintiff's reply, it is unclear (1) whether the Defendant disputes any of the facts that form the basis for the

Plaintiff's constructive exhaustion argument; (2) whether the Defendant disputes that a plaintiff can constructively exhaust IDEA or Rehabilitation Act claims; and (3) if constructive exhaustion as a general matter applies to these types of claims, whether the Plaintiff constructively exhausted her remedies in this case. A response from the Defendant is particularly important in this context because the Plaintiff's cites only one other case in which a court found that a plaintiff constructively exhausted his/her remedies under the IDEA. Pl.'s Reply at 4 (citing *Meehan v. Patchogue-Medford School Dist.*, 29 F. Supp. 2d 129 (E.D.N.Y. 1998)). Because the 2013-2014 school year is approaching, rather than further delay dispositive motion practice by ordering the Defendant to file a sur-reply, the Court shall permit the Plaintiff to amend the complaint to include her Section 504 claims, without prejudice to the Defendant's right to raise the administrative exhaustion issue in the context of its motion for summary judgment.

### B. *Additional Factual Detail*

The Defendant further contends that the Plaintiff's proposed amendments are futile because "the amended complaint does nothing more that unnecessarily add 30 pages to an already verbose complaint, and does nothing to clarify the basis of Plaintiff's legal claims." Def.'s Opp'n at 9. The Defendant argues that "Plaintiff's rambling, verbose amended complaint is bloated with superfluous facts and unnecessary detail, in violation of Fed. R. Civ. P. 8(a)(2)." *Id.* The Defendant does *not* argue that the Plaintiff's amended allegations fail to state a claim, or do not provide adequate notice of the legal basis for the Plaintiff's claims. Reasonable parties may disagree as to whether the allegations the Plaintiff seeks to add are necessary or useful. Ultimately the Court's role is not to police whether the Plaintiff has filed the *best* complaint, so long as the complaint states a claim for relief and provides adequate notice to the Defendant as to the claims it must defend against. The Plaintiff's lack of brevity does not make the proposed

amendments futile.

## IV. CONCLUSION

The Plaintiff seeks leave to amend her complaint to add various factual allegations and five additional causes of action. Given the procedural posture of the motion, the Court lacks an adequate record from which to determine whether the Plaintiff exhausted her administrative remedies for her proposed claims under Section 504 of the Rehabilitation Act. The Defendant may dispute the utility of the new factual allegations, but the Court cannot say that the amended allegations are futile. Accordingly, the Plaintiff's [18] Motion for Leave to File First Amended Complaint is GRANTED without prejudice to the Defendant's right to raise the administrative exhaustion issue in the context of the parties' motions for summary judgment. An appropriate Order accompanies this Memorandum Opinion.

        */s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE